# In the United States Court of Federal Claims

No. 12-384L

(Filed: April 8, 2014)

| | |
|---|---|
| RICHARD LEWIS KATZIN, et al.,    ) <br>                                                      ) <br>            Plaintiff,          ) <br>                                                      ) <br>      v.                                         ) <br>                                                      ) <br> UNITED STATES,                    ) <br>                                                      ) <br>            Defendant.       ) <br>                                                      ) | Takings claim; proposed amendment of answer to add the defense of laches; timeliness; futility; assertion of extraordinary circumstances |

        Roberto E. Berríos Falcón, San Juan, Puerto Rico for plaintiffs.  With him on the brief were Nancie G. Marzulla and Roger J. Marzulla, Marzulla Law, LLC, Washington, D.C.

        Emily M. Meeker, Natural Resources Section, Environment and Natural Resources Division, United States Department of Justice, Washington, D.C., for defendant.  With her on the briefs were Robert G. Dreher, Acting Assistant Attorney General, Environment and Natural Resources Division, and Lary Cook Larson, Attorney, Natural Resources Section, Environment and Natural Resources Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

        This takings case concerns a plot of land located in Culebra Island, Puerto Rico and turns in part on events that occurred more than 100 years ago.  Pending before the court is defendant's motion for leave to file its first amended answer ("Def.'s Mot."), ECF No. 34, filed on February 17, 2014.  The government originally filed its answer to plaintiffs' complaint on October 11, 2012.  Answer, ECF No. 10.  Pursuant to Rule 15(a) of the Rules of the United States Court of Federal Claims ("RCFC"), the government seeks to amend its answer to include the affirmative defense of laches.  Def.'s Mot. at 1.  Plaintiffs ("the Katzin plaintiffs") oppose the motion on grounds that the amendment would result in undue prejudice to the plaintiffs, fails to provide fair notice, and would be futile.  Pls.' Opp'n to Def.'s Mot. to Amend Answer ("Pls.' Opp'n") at 1-3, ECF No. 35.  The case is currently in discovery.  *See* Am. Scheduling Order (Feb. 3, 2014), ECF No. 33.  This motion has been fully briefed and is ready for disposition.

**BACKGROUND**

        This property dispute is over a 2.25 acre plot of land located on a peninsula in the La Pelá Bay area of Culebra Island, Puerto Rico.  Pls.' Opp'n at 3 & Ex. B; Def.'s Reply in Support of its Mot. for Leave to File Am. Answer ("Def.'s Reply") Exs. 3 at US-KATZ-009943 (map) & 8 (map), ECF Nos. 37-1 & 37-2.  The Katzin plaintiffs allege ownership over the plot of land and

argue that communications in 2006 by a government employee to the contrary resulted in projected purchasers of the land rescinding a contract to buy the land. Pls.' Opp'n at 3. The government argues that the United States Navy purchased the plot in question as a gun mount in 1903 and that the United States has continually claimed ownership of the area since that time. Def.'s Reply at 2.[1] Plaintiffs filed their complaint on June 15, 2012 and an amended complaint on September 24, 2012, seeking compensation for the taking of the property and the rescinded contract. Pls.' Opp'n at 3. In its answer filed on October 11, 2012, the government put forward an affirmative defense of statute of limitations. Def.'s Reply at 2. On December 4, 2012, the court issued a scheduling order setting deadlines for discovery. Scheduling Order, Dec. 4, 2012, ECF No. 13. This scheduling order has been amended a number of times, most recently on February 3, 2014. Am. Scheduling Order, Feb. 3, 2014, ECF No. 33. Under that amended order, fact discovery closed on March 28, 2014, expert disclosures and exchange of expert reports are due on April 25, 2014, expert discovery is scheduled to close on May 23, 2014, and any motions for summary judgment are to be submitted by June 30, 2014. *Id.*

## ANALYSIS

RCFC 15 provides that "a party may amend its pleading [more than 21 days after service of the pleading or more than 21 days after a responsive pleading or certain motions are filed] only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." RCFC 15(a)(2). The text of RCFC 15(a) mirrors, in all pertinent respects, that found in Fed. R. Civ. P. 15(a), and consequently application of Fed. R. Civ. P. 15(a) is highly persuasive in this court. *See AEY, Inc. v. United States*, 114 Fed. Cl. 619, 625 (2014) (citing *Mitsui Foods, Inc. v. United States*, 867 F.2d 1401, 1403-04 (Fed Cir. 1989)). While the trial court has discretion in granting or denying leave to amend, particular reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," counsel against granting leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

---

[1] The government also seeks to amend Paragraph 55 of its original answer, which bears on the events underlying the government's claim to the property. Def.'s Mot. at 5. Originally in that paragraph, the government stated:

> Defendant admits that the document referred to in [P]aragraph 55 was a conditional promise of purchase and sale between Mr. Mulero and the United States Navy, executed on July 29, 1903. Defendant further admits that it has not produced a formal deed of sale related to this property, or yet identified such a document in the Registry of Property of Puerto Rico, Fajardo Section. Defendant denies the remainder of the allegations in [P]aragraph 55.

Answer ¶ 55. The government wishes to amend this statement to state: "Defendant lacks sufficient knowledge to form a belief as to the allegations in the first sentence of [P]aragraph 55 and, therefore, denies these allegations. Defendant denies the allegations in the second sentence of [P]aragraph 55." Def.'s Mot. Ex. 1 ¶ 55. The Katzin plaintiffs had been notified of this proposed amendment in May 2013, *id.* at 5, and did not oppose this change in their response to the government's motion.

The affirmative defense of laches is an equitable defense that applies when "a party through neglect or delay fails to diligently pursue a claim." *Lankster v. United States*, 87 Fed. Cl. 747, 755 (2009) (internal citations omitted). The laches defense requires proof that "(1) the plaintiff delayed filing suit for an unreasonable and inexcusable length of time from the time the plaintiff knew or reasonably should have known of its claim against the defendant, and (2) that the delay . . . operated to the prejudice or injury of the defendant." *Id.* (internal quotation marks and citations omitted). The government argues that laches is potentially applicable in this case because plaintiffs knew or should have known of the government's claim of title to the land as far back as the 1980s and plaintiffs' failure to bring a claim earlier has prejudiced the government because witnesses have died and memories have faded. Def.'s Reply at 4.

The Katzin plaintiffs argue that leave to amend should be denied for a number of reasons. First, they claim that the amendment is untimely because all the facts for a potential laches defense were available to the government at the time it filed its answer, Pls.' Opp'n at 6-10, and allowing the amendment now would result in undue prejudice against them because it would require additional discovery just as the period for conducting discovery is closing, *id.* at 10-12. The government asserts there was no undue delay because the relevant facts were not available to it when it filed its answer. Def.'s Reply at 6. In prior cases, undue delay was found when a party had waited several years before seeking an amendment. *See, e.g., Cencast Servs., L.P. v. United States*, 729 F.3d 1352, 1364 (Fed. Cir. 2013) (upholding trial court's decision to deny leave to amend after 15 years had passed); *Bank of Am. v. United States*, 217 Ct. Cl. 731, 732 (1978) (per curiam) (approving denial of leave to amend an answer to assert an offset where six years had passed since the complaint was filed); *Rockwell Automation, Inc. v. United States*, 70 Fed. Cl. 114, 121-24 (2006) (finding undue delay where government waited eight years after discovery had been reopened and then closed to seek amendment of its answer). Any delay in this case does not rise to that level. The case itself is less than two years old, and basic discovery is still underway, although fact discovery has closed within the past few days.

The government also argues that plaintiffs can show no prejudice because they had the opportunity to conduct additional fact discovery between the time this motion was filed and the scheduled close of fact discovery on March 28, 2014. Def.'s Reply at 7. Courts generally do not find the burden of conducting additional discovery sufficient to deny leave to amend a pleading. *See, e.g., Cooke v. United States*, 79 Fed. Cl. 741, 743 (2007) ("Plaintiff's need to conduct additional discovery is reasonable and regrettable[] but is not sufficient justification to cut off [d]efendant's right to assert its affirmative defenses."). Here, sufficient time still is available for plaintiffs to address a new defense before motions for summary judgment are due, even if fact discovery has to be reopened.

The Katzin plaintiffs additionally object that the proposed amendment fails to provide adequate notice as required by RCFC 8(c). Pls.' Opp'n at 12-14.[2] They argue that the government provides only a "bare assertion" that their claim is barred by laches without

---

[2]RCFC 8(c) is written in conformity with Fed. R. Civ. P. 8. Rules Committee Notes to RCFC 8, 2008 Revision. Both rules require that "in responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including . . . laches." *See* RCFC 8(c)(1); Fed. R. Civ. P. 8(c)(1).

sufficient factual support. Pls.' Opp'n at 14.[3] While "bare bones conclusory allegations" are insufficient under Rule 8, generally pleaded defenses are sufficient "as long as the pleading gives the plaintiff fair notice of the nature of the defense." *Codest Eng'g v. Hyatt Int'l Corp.*, 954 F. Supp. 1224, 1228 (N.D. Ill. 1996). The amendment proposed here, coupled with recitations in the government's motion, provides sufficient notice to the Katzin plaintiffs of the nature of the government's affirmative defense. In addition, as the government points out, fair notice is not a factor generally considered by courts when determining whether to grant or deny leave to amend a pleading. Def.'s Reply at 9; *see also First Fed. Sav. Bank of Hegewisch v. United States*, 52 Fed. Cl. 774, 789 (2002) (discussing RCFC 8 in connection with a plaintiff's motion to strike the government's affirmative defenses).

The Katzin plaintiffs further argue that it is futile for the government to raise laches when the complaint was filed within the period allowed by the statute of limitations. Pls.' Opp'n at 15. As they point out, "[b]ecause laches is an equitable doctrine, in actions at law for which 'a limitation on the period for bringing suit has been set by statute, laches will not generally be invo[k]ed to shorten the statutory period.'" Pls.' Opp'n at 15 (quoting *Lankster*, 87 Fed. Cl. at 755 (2009) (in turn quoting *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 988 F.2d 1157, 1161 (Fed. Cir. 1993))); *see also Hernandez, Kroone & Assocs., Inc. v. United States*, 95 Fed. Cl. 395, 399-400 (2010) (granting the government's motion to strike the plaintiff counter-defendant's defense of laches on the basis that the claims were raised within the statute of limitations). Nonetheless, a showing of extraordinary circumstances can provide sufficient justification to allow a laches defense within the statutory period. *See Six v. United States*, 71 Fed. Cl. 671, 681 (2006) ("Absent 'extraordinary circumstances,' . . . the court generally refuses to invoke the doctrine of laches to dismiss claims whose limitation period has been set by statute and has not run." (citing *Advanced Cardiovascular Sys.*, 988 F.2d at 1161)). The government counters by noting the extraordinary background of this case. Def.'s Reply at 9. The facts of this case are indeed unusual, and the chain of events preceding the claim may well deserve detailed examination. The court accordingly will not foreclose the possibility that the government might be able to show extraordinary circumstances justifying application of laches.

Finally, the Katzin plaintiffs contend that the proposed amendment is futile because their takings claim depends on interpretations of land records more than a century old, some of which are in Spanish, rather than witness testimony. Pls.' Opp'n at 15-18.[4] The government responds

---

[3]Part of the Katzin plaintiffs' argument is based upon a federal district judge's suggestion that district courts have been moving toward requiring that affirmative defenses pled under Rule 8 must satisfy the pleading standards for complaints set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See* Pls.' Opp'n at 13-14 (citing Amy St. Eve & Michael A. Zuckerman, *The Forgotten Pleading*, 7 Fed. Cts. L. Rev. 152, 166 (2013)). Plaintiffs fail to demonstrate why this higher standard has not been met in this instance.

[4]Apparently, "the last survey . . . performed on [the] property on behalf of the [g]overnment [before the dispute arose] was done under the Spanish Crown in the Nineteenth Century." Pls.' Opp'n Ex. B at US-KATZ-000739 (Letter from Edward M. Borges, counsel, to James Pulliam, Regional Director, Fish and Wildlife Service (Mar. 6, 1987)). A surveyor employed by the Fish and Wildlife Service, Lynn Robinson, was reportedly researching title

that this argument is irrelevant because even if the resolution of the claims is determined by land records, witness testimony is relevant to defenses of laches or the statute of limitations.  Def.'s Reply at 9.  In determining futility of an amendment, "courts do not engage in an extensive analysis of the merits of the proposed amendment[]" but instead "decide whether a party's proposed amendment is facially meritless and frivolous." *St. Paul Fire & Marine Ins. Co. v. United States*, 31 Fed. Cl. 151, 155 (1994).  Because of the tangled claims of ownership and changes since 1994 in and with a nearby refuge managed by the United States Fish and Wildlife Service, *see* Def.'s Reply Exs. 4, 5, 6, defendant's proffered amended defense is not facially meritless.

## CONCLUSION

For the reasons state above, the government's motion for leave to amend its answer is GRANTED.

It is so ORDERED.

s/ Charles F. Lettow
Charles F. Lettow
Judge

---

documents when he died in 2010. Pls.' Opp'n at 8 & Ex. A (e-mail from Jackie Compton, Fish and Wildlife Service, to Pete Jerome, et al. (Nov. 7, 2011), attaching an e-mail from Lynn Robinson to Compton (Dec. 9, 2008)).