# In the United States Court of Federal Claims

No. 12-384L

(Filed: October 28, 2015)

| | |
|---|---|
| RICHARD LEWIS KATZIN, et al.,<br><br>              Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>              Defendant. | Pre-trial motion *in limine*; expert testimony on title to property beginning with grants from the Spanish crown and affected by the scope of a seaside reservation and maritime zone; Fed. R. Evid. 702; testimony by video teleconference; RCFC 43 |

      Roberto E. Berríos Falcón, San Juan, Puerto Rico for plaintiffs.  With him on the briefs were Nancie G. Marzulla and Roger J. Marzulla, Marzulla Law, LLC, Washington, D.C.

      Emily M. Meeker, Environment and Natural Resources Division, United States Department of Justice, Washington, D.C., for defendant.  With her on the briefs were John C. Cruden, Assistant Attorney General, Environment and Natural Resources Division, and Cullen S. Shearburn and William J. Shapiro, Environment and Natural Resources Division, United States Department of Justice, Washington, D.C.

**ORDER**

LETTOW, Judge.

      In this takings case, pending before the court is defendant's motion *in limine*, filed September 4, 2015, to exclude the testimony of plaintiffs' proffered expert witness, Dennis Martinez, pursuant to Rule 16(c)(2)(D) of the Rules of the United States Court of Federal Claims ("RCFC").[1]  Also pending before the court is defendant's motion, filed October 7, 2015, for an order allowing Dr. Jorge Orbay to testify via a video teleconference from the federal courthouse in Miami, Florida during the trial scheduled to begin on November 12, 2015.  The motions have been fully briefed and are ready for disposition.  For the reasons stated below, the government's motion *in limine* is denied and the motion for an order allowing Dr. Orbay to testify remotely via video teleconference is granted.

---

      [1]Defendant's motion was timely filed in accord with the court's amended scheduling order issued August 11, 2015, ECF No. 78.

**BACKGROUND**

This case involves property in Culebra, an archipelago of islands located approximately seventeen miles east of Puerto Rico and twelve miles west of St. Thomas. *See Katzin v. United States*, 120 Fed. Cl. 199, 201-02 (2015). Plaintiffs (collectively, the "Katzins") claim ownership of a parcel of land approximately 65.5-acres in size located in the southeastern portion of Culebra Island ("Parcel 4"), which allegedly includes the 10.01-acre Buena Vista Peninsula. *Id.* Defendant ("United States" or "the government") contends that the United States owns the Buena Vista Peninsula and a 2.25-acre gun mount site, which lies within or near the borders of the peninsula, through actions that initially benefitted the U.S. Navy and now serve the U.S. Fish & Wildlife Service. *Id.* at 208.

**ANALYSIS**

The two pending motions were filed by the government in anticipation of trial.

A. ***Government's Motion* in Limine *to Exclude Mr. Martinez's Testimony***

In seeking to exclude Mr. Martinez's expert testimony, the government argues that the testimony constitutes inadmissible legal opinion under Fed. R. Evid. 702 and relevant federal case law. Def.'s Mot. *in Limine* and Supporting Mem. ("Def.'s Mot. *in Limine*") at 1-2, ECF No. 82.[2] Mr. Martinez is a Civil Law Latin Notary in San Juan, Puerto Rico retained by the Katzins to review the complex chain of title leading to their present claim. That title dates back to the original grants made by the Spanish crown and is associated with issues concerning seaside reservations, a maritime zone, and the relevant historical documentation in the Puerto Rican registry of property. *See* Pls.' Opp'n to Def.'s Mot. *in Limine* ("Pls.' Opp'n") at 2-3, ECF. No. 85. The Katzins propose to have Mr. Martinez testify as an expert witness at trial, Pls.' Pretrial Witness List at 4, ECF No. 71, and they included his "Opinion of Land Title" on their pretrial exhibit list (PX 420), Pls.' Ex. List at 29, ECF No. 72; *see also* Def.'s Mot. *in Limine* Ex. 1 (Martinez Report). The report sets out three main findings: "(1) title to Parcel 4 is held by the Katzins; (2) the 2.25-acre gun mount site is not located in Parcel 4, but rather lies within the boundaries of Parcel 5, and (3) the United States has no valid title to the Buena Vista Peninsula, which is part of Parcel 4 and is owned by the Katzins." *Katzin*, 120 Fed. Cl. at 211; *see also* Def.'s Mot. *in Limine* Ex. 1, at 1.

The government contends that Mr. Martinez's report and proffered testimony constitute "legal opinions" based on "the law of the Commonwealth of Puerto Rico, historical explanations of the source of that law, and his legal interpretations of various deeds." Def.'s Mot. *in Limine* at 4. The government argues that such testimony is prohibited under Fed. R. Evid. 702 and relevant case law because "Mr. Martinez will attempt to instruct the [c]ourt on the law of Puerto Rico and how to apply this law to the facts of the case." *Id.* The government also repeats its contention from its previous motion to strike that the court should exclude Mr. Martinez's testimony based

---

[2]The government previously made substantially the same arguments in a Motion to Strike, filed December 9, 2014, ECF No. 53. The court denied the government's prior motion in a decision issued March 6, 2015, ECF No. 61. *See Katzin*, 120 Fed. Cl. at 213.

upon the rationale in *Stobie Creek Investments, LLC v. United States*, 81 Fed. Cl. 358 (2008) and *Thomas v. United States*, 106 Fed. Cl. 467 (2012)—which held that expert testimonial proffers from tax attorneys and a real estate attorney, respectively, were inadmissible. *Id.* at 5-6.[3]

>Fed. R. Evid. 702 provides that:
>
>A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
>(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
>(b) the testimony is based on sufficient facts or data;
>
>(c) the testimony is the product of reliable principles and methods; and
>
>(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The court previously recognized that under this rule, "[e]xpert testimony that amounts to an opinion of law is strongly disfavored by federal courts." *Katzin*, 120 Fed. Cl. at 211 (citing *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1213-14 (D.C. Cir. 1997); *Specht v. Jensen*, 853 F.2d 805, 807-10 (10th Cir. 1988); *Sparton Corp. v. United States*, 77 Fed. Cl. 1, 7-9 (2007)).

The Katzins respond that Mr. Martinez's report is not strictly a legal opinion on the chain of title for the property at issue, but rather addresses "highly specialized factual issues" that will aid the court in resolving the complex questions presented in this case. Pls.' Opp'n at 5-6. As with their previous opposition to the government's motion to strike, the Katzins cite federal decisions allowing expert witnesses to testify regarding issues relating to title in property disputes where factual questions arose. *Id.* at 6-8 (citing *Magnan v. Trammell*, 719 F.3d 1159, 1170 (10th Cir. 2013); *Mitchell Energy Corp. v. Samson Res. Co.*, 77 F.3d 479, 1996 WL 46762, at *2 (5th Cir. Jan. 11, 1996) (table op.); *National Assistance Bureau, Inc. v. Macon Mem'l Intermediate Care Home, Inc.*, 714 F. Supp. 2d 1192, 1202-03 (M.D. Ga. 2009); *United States v. Fennell*, 381 F. Supp. 2d 1312, 1315-16 (D.N.M. 2005)).

The court concludes that Mr. Martinez's proffered testimony does not constitute a purely legal opinion akin to the testimony excluded in *Stobie Creek* and *Thomas*, but rather reportedly will provide a potentially useful factual explication of the historical context affecting the original grants and reservations of land and the scope of the resulting title and subsequent transfers surrounding the property at issue. Mr. Martinez's report does not merely trace the title of the

---

[3]The court previously addressed these precedents in *Katzin*, 120 Fed. Cl. at 211-212.

property, but also addresses the nature and extent of the original grants, the seaside reservations, and various deeds within the chain of title in connection with the Latin Notary system and the Puerto Rican land registry.  *See* Def.'s Mot. *in Limine* Ex. 1, at 2-10.  This factual background is helpful in determining what legal title was originally conveyed, how that title was carried forward, and how title relates to the land claimed by the government, including the corresponding seaside reservations and maritime zone.[4]  The court acknowledges that Mr. Martinez is an attorney by training and that his report also contains an analysis of the Katzins' claims as they relate to Puerto Rican law.  *See, e.g.*, *id.* at 22.  As this court noted in its prior opinion on the government's motion to strike, however, any testimony by Mr. Martinez will not "usurp the role of the court" or impede or prevent the court from reaching an independent conclusion.  *Katzin*, 120 Fed. Cl. at 212-13 (citing *Gulf Grp. Gen. Enters. Co. W.L.L. v. United States*, 98 Fed. Cl. 639, 643 (2011); *Martin v. Indiana Mich. Power Co.*, 292 F. Supp. 2d 947, 959 (W.D. Mich. 2002)).    Accordingly, the court has concluded that the government's motion *in limine* should be denied.

B. ***Government's Motion for an Order Allowing Dr. Orbay to Testify via Video Teleconference***

The government also requests that, pursuant to RCFC 43, the court issue an order allowing Dr. Jorge Orbay to testify via video teleconference from the U.S. District Court in Miami, Florida during the trial.  Def.'s Mot. for an Order Allowing Dr. Jorge Orbay to Testify at Trial by Videoconference ("Def.'s Mot. for Testimony Via Videoconference") at 1, ECF No. 86.  Dr. Orbay reportedly lives in Coral Gables, Florida and has a medical practice in Miami, which is more than 900 miles from the two trial locations, Washington, D.C. and San Juan, Puerto Rico.  *Id.*  The government asserts that requiring Dr. Orbay to travel to either Washington or San Juan would "constitute a significant burden to his medical practice."  *Id*.  The government also submits that, based on his previously submitted declaration (DX-388), Dr. Orbay's testimony is expected to be brief, and he has already provided the gist of his testimony.  *Id.* at 3.  As the government would have it, the relatively limited scope of Dr. Orbay's testimony does not justify the burden that would be imposed by requiring him to travel over 900 miles for the trial.

RCFC 43(a) states the general principle that "[a]t trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise."  The Rule thus reflects the traditional preference for the testifying witness's physical presence in court.  *See* 8 James Wm. Moore, et al., *Moore's Federal Practice* § 43.02[2] (3d ed. 2012).  This rule also provides, however, that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."  RCFC 43(a).  As this court noted in *Scott Timber, Inc. v. United States*, 93 Fed. Cl. 498 (2010), this second aspect of Rule 43(a) "was adopted in 1996 to accommodate modern means of communication."  *Id*. at 500.  In related vein, RCFC 45(d)(3)(A) states that the court "must quash or modify a subpoena that . . . requires a person who is neither a party nor a party's officer to

---

[4]Notably, the scope of a seaside reservation by the Spanish crown from the original grants, Plat 89, remains notoriously uncertain, *see Katzin*, 120 Fed. Cl. at 203-04, as does the scope of a maritime zone under Spanish or Puerto Rican law, which may have been affected by subsequent statutes, *see id*. at 206 & n.11.

comply beyond the limitations specified in RCFC 45(c)," which in turn provides that the court "may command a person to attend a trial . . . only . . . within 100 miles of where a person resides, is employed, or regularly transacts business in person" unless that person "is a party or party's officer," or "if that person is commanded to attend a trial and would not incur substantial expense." When read together, these provisions suggest that in the case of a non-party separated from the court by a substantial geographic distance, the court should use its discretion under RCFC 43(a) to allow testimony via electronic means if appropriate safeguards are present. *See Air Turbine Tech., Inc. v. Atlas Copco AB*, 410 F.3d 701, 714 (Fed. Cir. 2005); *Scott Timber*, 93 Fed. Cl. at 500 & n.2.

The Katzins oppose the government's request to allow Dr. Orbay to testify remotely, arguing that it is a matter of "mere convenience" insufficient to overcome the "strong presumption for live in-court testimony reflected in Rule 43." Pls.' Opp'n to Def.'s Mot. for Testimony Via Videoconference at 1, ECF No. 87. The Katzins also note that, unlike the witness in *Scott Timber*, Dr. Orbay has not previously testified before the court, and if he testifies by video teleconference, the court and the parties will have a diminished "opportunity to evaluate [his] demeanor and credibility." *Id.* at 3-4.

Although the court acknowledges the significant and usually compelling advantages to testimony in open court, the government's request is made on the basis of more than "mere convenience." Dr. Orbay is not a party to this case, and there is sufficient reason to believe he would "incur substantial expense" in terms of time and absence from his medical practice if he were required to travel over 900 miles for the trial. In addition, the government has represented that it will provide appropriate safeguards to allow Dr. Orbay to appear via video teleconference from a federal courthouse in Miami, where a court official will be present during the testimony. And, the court and counsel will have at least some opportunity to view Dr. Orbay's demeanor during his testimony. Accordingly, the court has concluded that the government's motion for an order allowing Dr. Orbay to testify via video teleconference should be granted. *See Federal Trade Comm'n v. Swedish Match N. Am., Inc.*, 197 F.R.D. 1, 2 (D.D.C. 2000) (finding good cause for testimony by contemporaneous transmission where a witness would otherwise have to travel from Oklahoma to Washington, D.C., to testify).

## CONCLUSION

For reasons stated, the government's motion *in limine* is DENIED. The government's motion for an order to allow Dr. Jorge Orbay to testify via video teleconference from a federal courthouse in Miami, Florida is GRANTED.

It is so ORDERED.

s/ Charles F. Lettow
Charles F. Lettow
Judge